IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

HEATHER JUSTICE,

                Plaintiff,

v.                                       CIVIL  ACTION  NO.  3:08-0095

MARATHON PETROLEUM COMPANY, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion by Defendant Marathon Petroleum Company LLC to transfer venue. [Doc. No. 8].  Plaintiff Heather Justice opposes the motion.  For the following reasons, the Court **DENIES** the motion.

On February 11, 2008, Plaintiff filed this action under the Jones Act for negligence and under the General Maritime Law for unseaworthiness, maintenance, cure and wages.  Plaintiff states that she was an employee of Defendant and served as a crew member aboard its vessels.  On or about February 14, 2005, and during the course of her employment, Plaintiff asserts that "she was required to handle a cargo [hose] in an undermanned context when because of Defendant's failure to provide a safe place to work she was injured whereafter Defendant negligently reassigned Plaintiff back to work activities resulting in aggravation of the underlying condition." *Complaint*, at ¶ 4.  As a result, Plaintiff seeks damages.

Defendant seeks to transfer this action pursuant to 28 U.S.C. § 1404(a).  This section provides that, "[f]or the convenience of parties and witnesses in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  This Court discussed motions to transfer pursuant to § 1404(a) in *Ferrell v. Grange Ins.*, 354 F. Supp.2d 675 (S.D. W. Va. 2005).  In *Ferrell*, the Court explained that, when deciding such motions, "a district court must 'weigh in the balance a number of case-specific factors.'" 354 F. Supp.2d at 680 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  Common factors to consider "include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.'" *Id.* (quoting *AFA Enterprises, Inc. v. American States Insurance Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994)).  In addition, the district court generally should give considerable weight to the plaintiff's choice of forum. *Id.* (citations omitted).  "'[A] transfer motion will be denied if it would merely shift the inconvenience from the defendant to the plaintiff.'" *Id.* (quoting *AFA Enterprises*, 842 F. Supp. at 909).

        In this case, Plaintiff asserts she was injured in this district on a dock at Defendant's facility in Kenova, West Virginia.  Although the accident occurred here, Defendant argues that the Eastern District of Kentucky and the Southern District of Ohio are more convenient forums because Plaintiff is a resident of Ashland County, Kentucky, a number of her health providers are located in Ashland, Kentucky, one of her physicians is from Lexington, Kentucky, and another of her physicians is from Columbus, Ohio, which is within the Southern District of Ohio.  Defendant also asserts that its principal office in located in Findlay, Ohio, which is within the Northern District of

Ohio, but it also "resides"[1] within the Eastern District of Kentucky.  The parties dispute whether a view of the place of the injury will be necessary.

In considering these factors, the Court finds that the balance weighs in favor of denying Defendant's motion.  In making this decision, the Court recognizes that the Southern District of West Virginia borders both the Eastern District of Kentucky and the Southern District of Ohio.  In addition, it appears that the vast majority of the medical providers are located in Ashland, Kentucky, which is a very short drive from Huntington, West Virginia, and it is well within the subpoena power of the Court. *See* Fed. R. Civ. P. 45(b) (providing, in part, "[s]ubject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place: (A) within the district of the issuing court; (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection").  Likewise, Plaintiff resides in Ashland County, Kentucky.  Thus, the Court finds that any inconvenience or increase in travel or expenses created by this case being tried in West Virginia is, at best, negligible.  Weighing this against the fact that Plaintiff chose this forum, the accident occurred in West Virginia, West Virginia has an interest in having this controversy decided here, and the possibility of a view, the Court has little difficult finding that Defendant has failed to meet its burden to show that venue should be transferred.

---

[1]"For purposes of venue . . . , a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c), in part.

-3-

Accordingly, the Court **DENIES** Defendant's motion.  The Court **DIRECTS** the

Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented

parties.


ENTER:        July 1, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE